**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CAUSE NO.: 2:05-MJ-189 |
| | ) | |
| | ) | Hearing of: 09/14/05 |
| | ) | |
| vs. | ) | CHARGE: Interstate Stalking |
| | ) | Title 18 U.S.C. 2261A |
| | ) | |
| | ) | |
| RUDOLFO HEREDIA, | ) | |
|  Defendant. | ) | |

**ORDER OF DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**PART I -- FINDINGS OF FACT**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) **and** has been convicted of a ____ (federal offense)(and)(or) ____ (state or local offense) that is:
  ☐ a crime of violence as defined in 18 U.S.C. 3156(a)(4); -or-
  ☐ an offense for which the maximum sentence is life imprisonment or death; -or-
  ☐ an offense for which the maximum term of imprisonment of ten (10) years or more is prescribed in

  ☐ The Controlled Substances Act (21 U.S.C. § 801 *et seq.*);
  ☐ The Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or
  ☐ The Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq.*).

  -or-

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five (5) years has elapsed since the _____ (date of conviction) (or) _____ (release of defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**ALTERNATE FINDINGS (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten (10) years or more is prescribed in

    ☐ The Controlled Substances Act (21 U.S.C. § 801 *et seq.*);
    ☐ The Controlled Substances Import and Expert Act (21 U.S.C. § 951 *et seq.*);
    ☐ The Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq.*); or

1

|   |   |   |
|---|---|---|
| ☐ |   | ☐ An offense under Section 924(c), 956(a) or 2332 (b) of Title 18, United States Code. |
| ☐ | (2) | The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. |

**ALTERNATE FINDINGS (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION**

☒ I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that defendant poses a risk of non-appearance because:

1) Of the nature and circumstances of the offense charged;
2) The weight of the evidence against the Defendant;
3) He failed to appear for a court hearing in another case in the past (in 1996);
4) He is the prime suspect (and apparently the only suspect) in an uncharged recent case presently being actively investigated by law enforcement agencies involving probable charges, among others, for child molestation, child murder, and mutilation of a corpse which, if charged against him would result in a very substantial sentence to imprisonment if he would be convicted and that prospective sentence would compel him to flee the area and hide from law enforcement officers;
5) He has a history of substance abuse.

☒ I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant presents a danger to the community in general, and to a particular individual, Sandra Anaya, because:

1) Of the nature and circumstances of the offense charged;
2) The weight of the evidence against the Defendant;
3) He has a history of substance abuse;
4) In the past he has used two aliases and two social security numbers;
5) According to the Pre-Trial Services Report, in three past cases he was convicted of, or at least pled guilty to, one or more criminal offenses including three different Battery incidents (these are distinct from and in addition to the incidents referred to in 6, 7, 8, 10, and 11 below);
6) Recently on or about 07/30/05 he stabbed another man while at the same time possessing not only a knife but a handgun shortly after or during drinking alcoholic beverage (and when this serious incident occurred he was out on bond in another criminal case);
7) Approximately 3 or 4 years ago in anger while operating a vehicle he intentionally ran over another person (who was not in a vehicle) and then he drove around the block and returned and attempted to run over the same victim a second time;
8) Approximately 3 or 4 years ago in anger he struck a man in the head with such force that it caused the man to fall to the ground unconscious and then the Defendant picked up a rather large tree stump and appeared to be proceeding to drop it with force on the unconscious man's head until a nearby observer talked him out of further injuring or possibly killing the victim;
9) According to FBI data base information he is reported to have been a member of the Latin Kings street gang;

10) The evidence at the hearing indicates that he has sexually abused at least three different minor children, including at least one of them on multiple occasions;
11) The evidence at the hearing indicates that once he raped, or at least attempted to rape, a woman;
12) The evidence at the hearing indicates that in recent weeks and months he made at least 3 or 4 threats to kill Sandra Anaya, an adult female, he followed her to numerous locations on multiple occasions against her will, he appeared at her place of employment and confronted her in anger against her will, he sometimes peered into the windows of her residence against her will, he surreptitiously had her residence key copied and entered her residence against her will when it was unoccupied, when she had the residence's locks changed he again surreptitiously entered her residence against her will, and he stole finished but unsent or unfinished letters authored by Sandra Anaya from her residence and had them photocopied.

These reasons are supported by the Pretrial Services Report prepared on this defendant.

☐ The defendant stipulated at hearing to the assessment of nonappearance and of danger contained in the Pretrial Services Report and agreed to enter federal detention until disposition of this case.

After consideration of the factors under 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

### PART III – DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Entered this 14th day of September, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

AO Form 472(Rev. 3/86) (TLS Modified 6/01)